CLOSED

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM STAHL, et al., | : | |
| | : | |
| | : | |
| Plaintiffs, | : | **Civil Action No. 12-3244 (SRC)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TOWNSHIP OF MONTCLAIR, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss the Amended Complaint by

Defendants the Township of Montclair, Alan Trembulak, Kenneth Strait, Robert McLoughlin,

Patrick Ciancitto, Jacqueline DeGregorio, and Weiner Lesniak, LLP (collectively "Defendants").

(Docket Entry 11)  *Pro se* Plaintiffs William Stahl, Irene Gadon Stahl, Roylan Gadon, and John

Eric Gadon (collectively "Plaintiffs") have opposed the motion and moved for partial summary

judgment.  (Docket Entry 13)  Defendants have opposed Plaintiffs' motion for partial summary

judgment.  (Docket Entry 16).  The Court has considered the parties' submissions and opts to

rule on the motions without oral argument.  See Fed. R. Civ. P. 78.  For the reasons that follow,

the Court will grant Defendants' motion to dismiss and deny Plaintiffs' motion for partial

summary judgment.

On August 29, 2009, Plaintiffs filed suit against Montclair, Tremulak, Strait,

McLoughlin, and Ciancitto in New Jersey Superior Court, Essex County, Law Division.  Broadly speaking, the State Court Complaint alleged that the Plaintiffs were the victims of a pattern of unlawful harassment and rights abuses at the hands of the Township of Montclair and its employees, the individually named Defendants.  According to the State Court Complaint, the dispute between the parties began in June or July of 2008, when Montclair conducted an inspection of the Plaintiffs' 15 Highland Avenue home.  On August 28, 2008, Montclair declared the home to be unfit for human habitation, and Plaintiffs were evicted.  On January 25, 2009, the Montclair Police Department forcibly entered the home, arrested William Stahl for criminal trespass, and forced the other Plaintiffs to vacate the residence.  The New Jersey Division of Youth and Family Services initiated an investigation after it was notified that William and Irene Gadon Stahl were living in an abandoned house with two minor children.  The Plaintiffs later sought leave to file an amended complaint in the state court action.  Count 21 of the State Court Amended Complaint sought to recover for the Defendants' alleged violation of New Jersey Rule of Professional Conduct 3.4(g), which provides that a lawyer shall not "present, participate in presenting, or threaten to present criminal charges to obtain an improper advantage in a civil matter."  On January 21, 2010, New Jersey Superior Court Judge Sebastian P. Lombardi granted the Plaintiffs leave to file the State Court Amended Complaint but specifically denied proposed count 21.[1]  On May 27, 2011, Judge Lombardi granted the Defendants complete summary judgment.  In relevant part, the court ordered that "Plaintiffs' Complaint and any amendments thereto are dismissed with prejudice against all Defendants."  (DeGregorio Certif. Ex. F)

Plaintiffs then filed suit in this Court on May 25, 2012.  (Docket Entry 1) The Federal

---

[1] It appears that the State Court Amended Complaint was never served or filed.

Court Amended Complaint was filed on June 6, 2012.  (Docket Entry 3)  The Federal Court

Amended Complaint is substantially similar – in many respects, identical – to the state court

complaints described above.  One noteworthy difference, however, is that Weiner Lesniak, LLP,

and Jacqueline A. DeGregorio, attorneys for the Defendants in the state court action, have now

been named as Defendants.  Plaintiffs allege that Weiner Lesniak and DeGregorio violated their

professional ethical duties by offering to dismiss the criminal counts against William Stahl in

exchange for dismissal of the then-pending state court civil action.[2]  Defendants argue that the

entire Federal Court Amended Complaint must be dismissed.  The Court agrees.

It is clear from the outset that the bulk of the Federal Court Amended Complaint is barred

as *res judicata*.  "Claim preclusion, or res judicata, is a defense asserted when a case is

essentially identical to one that has previously been adjudicated."  R&J Holding Co. v.

Redevelopment Auth., 670 F.3d 420, 427 (3d Cir. 2011).  The Full Faith and Credit Act, 28

U.S.C. § 1738, which "has long been understood to encompass the doctrine[] of res judicata,"

San Remo Hotel v. City & Cnty. of S.F., 545 U.S. 323, 336 (2005), requires that a federal court

"give the same preclusive effect to a state-court judgment as another court of that State would

give."  Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986).  In New Jersey, "[t]here

are three elements to the doctrine of res judicata: the judgment relied upon must be valid, final

and on the merits; the parties in the two actions must be either identical or in privity with one

another; and the claims must grow out of the same transaction or occurrence."  Olds v. Donnelly,

291 N.J. Super. 222, 231 (App. Div. 1996) aff'd, 150 N.J. 424 (1997) (citing Watkins v. Resorts

---

[2] According to Plaintiffs' brief in opposition to Defendants' motion to dismiss and in
support of Plaintiffs' motion for partial summary judgment, the very purpose of this federal
action was to assert the R.P.C. claims against the Attorney Defendants.  (See Pls.' Br. 16)

International Hotel & Casino, 124 N.J. 398, 412-13 (1991)).  Moreover, New Jersey's entire controversy doctrine "requires the assertion of all claims arising from a single controversy in a single action at the risk of being precluded from asserting them in the future."  In re Estate of Gabrellian, 859 A.2d 700, 707 (App. Div. 2004).  "[A] party cannot withhold part of a controversy for separate later litigation even when the withheld component is a separate and independently cognizable cause of action."  Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 137 (3d Cir. 1999).  "The doctrine has three purposes: (1) complete and final disposition of cases through avoidance of piecemeal decisions; (2) fairness to parties to an action and to others with a material interest in it; and (3) efficiency and avoidance of waste and delay."  Id. (citing DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995)).

A side-by-side comparison of the State Court Complaint and the Federal Court Amended Complaint makes clear that Plaintiffs are attempting to re-litigate matters already decided by the New Jersey Superior Court.  Indeed, a number of allegations have been lifted *verbatim* from the State Court Complaint.  This Court must recognize the Superior Court's May 27, 2011, summary judgment order's preclusive effect.  Plaintiffs argue that the Superior Court's summary judgment decision should not be treated as preclusive because it is currently pending on appeal.  However, "the law is well settled that the pendency of an appeal has no affect on the finality or binding effect of a trial court's holding."  SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n, 718 F.2d 365, 370 (Fed. Cir. 1983) (citing Deposit Bank v. Frankfort, 191 U.S. 499, 24 (1903); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4433 (1981)). Therefore, the Superior Court's summary judgment order is entitled to preclusive effect unless and until there has been a reversal on appeal.  At present, the Court has not been made aware of any such reversal.

4

Under the entire controversy doctrine, the only claims that are arguably *not* barred are those based on DeGregorio and Weiner Lesniak's alleged violation of R.P.C. 3.4(g).  Defendants argue that the Superior Court's January 21, 2010, order denying inclusion of that count in the State Court Amended Complaint represents an adjudication on the merits that is entitled to preclusive effect.  Although a court's rejection of a proposed claim as futile would be treated as a preclusive adjudication on the merits, the Superior Court appears to have rejected Count 21 on procedural grounds.  Nevertheless, Plaintiffs' R.P.C. claim must still be dismissed for failure to state a claim upon which relief can be granted.  In Baxt v. Liloia, the New Jersey Supreme Court considered "whether a violation of the Rules of Professional Conduct can be used to provide a basis for civil liability against an adversary's attorney" and held that it cannot.  155 N.J. 190, 197 (1998).  Plaintiffs argue that Baxt stands only for the proposition that an R.P.C. violation does not establish negligence per se, but that a violation may still establish a standard of conduct and a duty relevant to liability under other law.  This Court is not persuaded that Baxt should be read so narrowly.  Although the Baxt Court "recognized the relevance of the Rules in civil cases against attorneys," id. at 199, it found instructive the "Scope" section of the ABA Rules, upon which the New Jersey Rules of Professional Conduct are modeled:

> Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.  Accordingly, nothing in the Rules

5

> should be deemed to augment any substantive legal duty of lawyers
> or the extra-disciplinary consequences of violating such a duty.

Id. at 197-98 (quoting *Model Rules of Professional Conduct*, Scope (1992)).  Plaintiffs' use of

R.P.C. 3.4(g) in this case is precisely the kind of offensive use of the Rules Baxt frowns upon.

Moreover, Plaintiffs have failed to offer any authority for the proposition that a government

attorney's violation of R.P.C. 3.4(g) can, by itself, establish a constitutional violation actionable

under Section 1983 or a corresponding state civil rights statute.

For the foregoing reasons, the Court concludes that the Complaint must be dismissed

with prejudice.[3]  Having so decided, the Court must necessarily deny Plaintiffs' motion for

partial summary judgment.  An appropriate order accompanies this opinion.

s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: May 2, 2013

---

[3] Even if the claims did not suffer from the defects already described, the Court would still be required to dismiss the Complaint under the federal pleading standards.  A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  The Complaint in this case clearly fails to state sufficient factual allegations to show a plausible entitlement to relief.  The Court recognizes that Plaintiffs are proceeding *pro se* and thus construes the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Even a liberally construed complaint, however, must give notice of the claim and the grounds upon which is rests.  Here, Plaintiffs' 16-page Complaint is bereft of the kind of factual allegations required to survive a motion to dismiss.  What meager facts are pled float idly in a sea of unsupported legal conclusions, endlessly repeated incorporations by reference, and banal prayers for relief.  To quote Gertrude Stein, "there is no there there."